## State Bank of Clinton, Appellee, v. Sylvia Barnett et al., Appellants.

APPEALS AND ERRORS—*when findings of chancellor not disturbed.* The findings of fact by a chancellor will not be set aside on review if not clearly unwarranted by the evidence, unless errors of law appear.

Bill in chancery. Appeal from the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed October 18, 1910.

A. E. DE MANGE and EDWARD J. SWEENEY, for appellants.

HERRICK & HERRICK and LEMON & LEMON, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal from a decree rendered upon a bill in chancery filed by appellee against appellants. The bill charges that on December 30, 1904, Lucy J. Barnett and W. A. Barnett, her husband, since deceased, executed and delivered to the complainant their promissory notes aggregating the sum of $2,394.89, together with power of attorney authorizing the confession of judgment thereon; that on July 29, 1907, judgment by confession upon said notes was entered by the Circuit Court of DeWitt county, against Mrs. Barnett for the sum of $3,236.93, and that execution was issued thereon, which was afterwards returned *nulla bona;* that at the time of his death W. A. Barnett held a life insurance policy for the sum of $3,000, payable in case of his death, to his wife; that after his death his said wife collected the amount due upon said policy and made a pretended gift thereof, without consideration, to her daughter, Sylvia Barnett; that upon receiving said money, Sylvia loaned the same to one B. C. Sprague, taking his promissory notes therefor; that afterward she recovered judgments against the said Sprague for the aggregate sum of $3,125; that executions were issued thereon and a levy thereunder had been made by the sheriff of the county; that the said Sylvia was otherwise insolvent, and if permitted to collect said judgments would appropriate the money to her own use and complainant be left without remedy; that Mrs. Barnett was also insolvent, and that the money represented

by said judgments was the property of Mrs. Barnett
and not that of Sylvia.

The answers of Mrs. Barnett and Sylvia deny the
validity of the judgment against Mrs. Barnett. They
admit that after the death of W. A. Barnett, the pro-
ceeds of the insurance policy in question were col-
lected by Mrs. Barnett, and delivered to Sylvia, who
loaned the same to Sprague. The answer of Mrs.
Barnett further denies that she had any interest in
said money or in the notes given by Sprague to Sylvia,
or in the judgments obtained by Sylvia against
Sprague. The answer of Sylvia further avers that
although her mother was the beneficiary named in said
policy, the said insurance was procured by her father
for the sole benefit of her, the said Sylvia, and that
the proceeds thereof were her property, and not that
of her mother. Mrs. Barnett also filed a cross-bill
seeking to set aside the judgment by confession against
her.

Upon a hearing, the court entered a decree finding
the facts to be substantially as averred in the bill, and
further finding that the sheriff had collected in full
the amounts of the judgment in favor of Sylvia and
against Sprague, and had the proceeds thereof in
his possession. By the decree the sheriff is enjoined
from paying over such money to Sylvia, and ordered
to pay the same to the complainant.

The question as to the validity of the judgment
against Mrs. Barnett has already been determined by
the court adversely to the contention of appellants.
Upon the question as to the ownership of the funds
in controversy, the evidence discloses the following
facts: After the death of Barnett, on October 14,
1904, his widow, Lucy J. Barnett, the beneficiary named
in the insurance certificate, collected the proceeds
thereof and deposited the same to her own credit in
the Warner & Co. bank of Clinton. She afterward
agreed to lend the money to Sprague, who was a for-

mer business associate of Mr. Barnett, and an intimate friend of the family, whereupon, on February 11, 1905, Sprague drafted and signed a non-negotiable note for $3,000, payable to the order of Lucy J. Barnett, due two years after date, and left the same with Mrs. Barnett. On the same day, one Hamilton, Mrs. Barnett's attorney, advised her that inasmuch as she was indebted to the appellee bank, she had better not accept the note prepared by Sprague, and thereupon drafted, instead thereof, two notes for the sum of $1,500 each, one payable to Sylvia Barnett and the other to Sylvia Barnett, Trustee. When Sprague called later in the day, he executed the latter notes and Mrs. Barnett paid to him the insurance money. She failed to return to him the note for $3,000, stating that she had mislaid it. She testified that she found it several days later and still retained it at the time of the trial. The evidence still further shows that the estate of Barnett was insolvent, and that neither Mrs. Barnett nor Sylvia had any property other than the insurance money. Mrs. Barnett, Sylvia, and several other witnesses testified to declarations by Barnett in his lifetime, to the effect that he was carrying the insurance in question for the benefit of Sylvia, and it is contended that a parol trust for the benefit of Sylvia was thereby created. Such testimony, even if competent, was far from sufficient to establish such contention. It is not claimed that any attempt was ever made by Barnett to substitute his daughter as beneficiary in the policy in the manner prescribed by the terms of the by-laws of the society, nor in any other manner, and it seems clear under the proofs presented, that if her claim to the proceeds had been contested by her mother, she would have been unable to establish a valid claim thereto, either at law or in equity. There is no evidence that any right to the money was asserted by Sylvia which was disputed and compromised. The waiver by Mrs. Barnett of

her unquestioned right to the fund must therefore be regarded as a voluntary gift of the same to Sylvia. From a careful consideration of all the evidence, which we shall not further detail, we cannot escape the conclusion that the fund was the property of Mrs. Barnett and that the notes in question were made payable to Sylvia for the sole purpose of placing the same beyond the reach of appellee, who was then a creditor of Mrs. Barnett.

The finding of the chancellor was not clearly unwarranted by the evidence and the decree is accordingly affirmed.

*Affirmed.*

MR. JUSTICE PHILBRICK took no part in the consideration of this case.